Good afternoon. Our first case this morning is Amini Innovation v. Anthony. Mr. Nielsen. Good afternoon, Your Honors. May it please the Court. The issue in this matter is whether the District Court abused its discretion in denying Amini Innovation Corporation, I may recall, recovery of any attorney's fees, despite the fact that the jury made a finding of willful copyright and willful design patent infringement. You're not suggesting that merely a willfulness conclusion by the jury requires the judge to give attorney's fees, are you? No, that's correct, Your Honor. It is sufficient to support an award of attorney's fees, but it's not a requirement that a willfulness finding result in an award of attorney's fees. So the problem is not that he didn't award attorney's fees, despite the jury's finding of willfulness, is it? Well, the problem really is that the, let's look at the patent side of this equation first. This Court has said that when there's a finding of willful infringement, that if the District Court chooses not to award attorney's fees, it has to give reasons why, otherwise it's an abuse of discretion. And the reasons the District Court gave... After Seagate, with the standard going up considerably, do you think a close call still warrants an opinion? Well, an opinion is always a good idea from the outset. Of course... Yes, but I'm suggesting that maybe some of that prior case law might be reconsidered. That's possible. Or even more strongly, shouldn't it be reconsidered, or did we really mean to say it quite so absolutely? Well, the import of Seagate is that an opinion of counsel is not necessary, and that's certainly not what we're hinging our position on, that the defendants did not have an opinion of counsel. But we raised the standard to objective recklessness. Now, are you going to make an argument that there's some recklessness here? So I'm really raising a question as to whether willfulness would even remain in the equation for your case post-Seagate. Well, the jury after hearing the testimony... The jury did not apply the Seagate standard. The question remains, is willfulness still in the equation? Willfulness would be in the equation in this case because the defendants... Unfortunately, we don't have this in the record, so I don't know how useful this is going to be, but when the defendants were asked about how they came up with their designs, they gave a million different answers, and none of them... They waffled and hedged until they got to the point where they said, well, it's possible we saw the plaintiff's designs. And their own expert, which is a point that is in the record by way of a declaration, their own expert even admitted that absent any intervening prior argument, none was shown that there would have been copying, intentional, purposeful copy. And that's what the jury found, ultimately. I guess the question is on the facts of this case, taking into account the Seagate standard or whatever standard you wanted, is it so clear that the trial judge was out of his mind when he denied you attorney's fees? He gave you cost, didn't he? Yes, he did give us cost. Would I say that the district judge was out of his mind? The statute does say may, doesn't it? Of course. Under both the copyright and the patent claims here, the award of attorney's fees is discretionary and based on the record that we have before us, what the district judge said, and let's talk about the patent side of it first, his reasons for not awarding attorney's fees, a, this was primarily a copyright case is what he said. I don't think that's relevant. There's two different standards for awarding attorney's fees, one for copyright, one for patent. Forty percent of the damages our client recovered in this case were as a result of the patent claim. So to say that it was primarily a patent case. Well, his reasons were not terribly persuasive, were they? I don't think his reasons were good at all. No, his reasons were not terribly persuasive. He probably dealt with it fairly summarily, but we don't grade his opinion as a law school exam, do we? Aren't we more interested in trying to find out whether the result is correct, that is the judgment is sustainable? Yes, your honor. The ultimate inquiry here is whether the district court made a mistake and abused his discretion and looking at the record, our position is absolutely he did. His reasons for not awarding attorney's fees on the patent claim that it was too much trouble to abortion. These are not, I mean, it's not even so much a law school position. As you said, the district court, in a sense, summarily denied our attorney's fees position. He never really let us submit our attorney's fees motion. Mr. Nielsen, could I switch you to the other side of the equation, which poses a rather interesting legal question? Sure. There's a three counts you win, three counts you lose, and you're in the second and seventh circuit. The second and seventh circuit, I'm not... They at least suggest that you don't prevail under those circumstances. I understand we're in the ninth and there's probably no binding precedent here, but what would you argue to us on whether you prevail? I would argue that we did because the Supreme Court set forth a standard for what the prevailing party is in a whole broad range of these federal fee shifting statutes, of which the Copyright Act 17 U.S.C. 505 is one of them. The standard is, did the party that brought the lawsuit achieve at least some of the benefits it sought by bringing the lawsuit, and was there a judicially sanctioned change in the relationship of the parties? If we ask that question from our point of view as the moving party on the motion for attorney's fees, the answer is undeniably yes, even on the copyrights, because we did prevail on at least some of the... We did achieve some of the benefits that we sought in bringing the litigation. The defendants were subject to an injunction for an entire line of bedroom furniture, and they had to pay damages. There was clearly a judicially sanctioned change. But I assume you sought an injunction for a different line of furniture. I don't remember the name of it, but I do remember you had a whole other line of furniture. There were three other copyrights that you didn't successfully prove infringement of. You would have liked to have had an injunction there. So the defendant successfully prevented you from getting an injunction in exactly three copyright cases, successfully prevented you from damages. And these are statutory damages, not lost profits. So had these been lost profits, were you able to show, well, the three we won, were the three really significant actions where all of our damages were contained, as opposed to the three we lost, which are much less significant. Here they were exactly equal because you were pursuing statutory damages. So why isn't this a wash? I would have loved to have seen the district court give better and more detailed description of why he came up with this notion, this notion that three minus three equals zero, but I don't think that there's anything wrong with it. Well, I think the mathematical approach has actually been rejected, that sort of bean Supreme Court's test for a prevailing party. It's been rejected in cases where there was some difference between the types of claims. Like if you bring one patent claim and one copyright claim and you win the patent claim and you lose copyright, one minus one does not necessarily equal zero because there may have been significant differences between the two. A lot more time and money was spent on one of the claims at trial versus the other. A lot more damages were at stake in one versus the other. And that's the reason, as far as I can tell, all the circuit courts that have rejected the mathematical simplicity approach. But that's not the case here because all these claims are copyright and they're all equal because you're pursuing statutory damages. So I'm having trouble seeing how there's a difference. Well, when the statutory damages are awarded, one of the things that goes into that inquiry and we don't have the jury instructions in front of us, but I imagine they were in there, is how much the defendants may have made or may have saved by copying. And that's one of the items the jury can look at in determining statutory damages. And I know it's in the record. There was an itemized sales list of the various items that the defendants sold. In fact, the copyrights we prevailed on were the bigger sellers. So if that is the test the court's going to use, I can mention in rebuttal, find the exact reference in the appendix to show the cost information. But if that's the test the court's going to use, which one provided more damages than the other, then I think in this case we'd also prevail. But going back to that Supreme Court test as to which party is the prevailing party and whether there was a judicially sanctioned change in the relationship of parties, there was. There was. Counsel, can I ask you another question? Even if we ultimately conclude you're right, that the 3 minus 3 is 0, and that wasn't appropriate, then he also, in addition, separately exercised his discretion not to award fees in this case. I understand. He says that clearly in several different cases, several different instances. Once in the copyright discussion itself and the second time in the patent discussion, which where I agree it probably shouldn't be there. But nonetheless, he's really stressed that he's exercised his discretion not to award fees with regard to the copyright thing. So we have two separate reasons. I mean, even if we agree with the prevailing party, he's exercised his discretion. Yes, I see him in my rebuttal time. But with respect to the discretion on the copyright claims, the Supreme Court has also set forth these Fogarty factors from Fogarty versus Fantasy that are used to inform the discretion of the district court. And the district court nowhere evidenced any analysis of any of those factors. And those are the factors that the district court uses to support the use of its discretion. Sure he did. Degree of success of the prevailing party. He says you won three and they won three. That's one of five factors. Right. And the other factors, the objective unreasonableness. I mean, we take an issue of the number of the defenses. There's nothing that says he's got to address every one of the five factors. He clearly laid down his belief of the closeness of the case with his three to three statement. Even if that's not accurate for prevailing party purposes, why can't we take that into account for the discretionary nature? Well, again, he didn't apply the right standard. And that's an abuse of discretion. Not applying the right correct legal standard is an abuse of discretion. He didn't go through the Fogarty factors. He didn't give us a chance. He didn't consider what we submitted. We submitted volumes of evidence in our motion for attorney's fees on those Fogarty factors and none of it was a squabbling between the parties during the case because most of it didn't wind up in front of him. The evidence you have for lack of consideration is just the opinion, right? You don't know that the judge didn't consider it. You just... Fair enough. It's not written down by the court. So I'd like to save... Thank you. We'll let you save the rest of your time, Mr. Nielsen. Mr. O'Connor. May it please the court, I think that one of the questions asked previously is pretty much on the money, and that is the court has discretion regardless of these other factors that were considered. And certainly nothing in here to indicate that the court abused its discretion. I will concede this opinion could have been fleshed out a little better. But none of the reasons given for declining to award the attorney's fees in the patent context make any sense, right? The first two are wrong as a matter of law, and the third, I couldn't even figure out what the heck he was saying. So I hope he doesn't ever read this transcript. And you don't quote it back to him. I'll come after you for that one. But I couldn't figure out what he was... He was talking about a knockoff. I didn't know what he was saying. So while, look, I may, based on the facts, have said, oh, well, this is a close case. He didn't say that with regard to the design patent thing. I think he is saying it was a close case. Is that how I should interpret the third factor with this knockoff comment? I believe so. But is he saying it's a close case for whether or not the design patent is infringed, or it's a close case because you didn't win copyright, or they didn't win copyright, but you lost design patent. What is he saying is a close case? The whole overall thing, or the patent? No, I think he's saying the patent issue is a close case. How do you get that? Well, and if you look, if you stand back a little bit, remember, he entered summary judgment in favor of the defendants in this case. Yeah, but he used the wrong legal standard for analyzing the design patent. So it's not the case. I mean, we told him that. So it's not the case that he said, oh, this is so close, I think summary judgment is actually appropriate because there's no evidence. He actually used the wrong legal standard. So I don't think that summary judgment is fairly interpreted as him saying the case is close. I think he applied the wrong law at the outset. Well, I'm not sure. Again, because I wish all this was a little more clear. And as a matter of fact, he's wrong. The jury found infringement, right? Yes, yes, that's right. But what he did was he applied the subjective test in the summary judgment. And he said, I subjectively look at this thing. And we run into this a lot in patent cases. I look at this thing, and I don't think it's close enough. And essentially what this court said is that's the province of the jury to make that determination. And there are facts by which a jury could reach a different conclusion. This court did not say, oh, and it's clear that that's the same thing. Would we want to send this back and have him take another look and lie to Seagate? Obviously, he didn't apply the law of Seagate. And if there is anything on the record that would indicate objective recklessness, he may wish to reconsider. Well, Seagate places a greater burden on the person seeking attorney's fees, not a lesser burden. So if it's a close case. Yes, but to the extent the jury finds willfulness under the heightened Seagate standard, maybe then he reconsiders and says, there is something here that warrants exceptional case and fees. The problem with that is it has to go back to the jury with the Seagate instruction. If the jury came back with the Seagate instruction and found that heightened degree, then that would make some sense. Well, not necessarily. The judge himself may say, in light of the record I'm aware of, I may wish to change my discretionary call. Well, there'd be nothing to support the idea, other than what he's referenced in the record, that there was the objective recklessness. If it's a close call, how could there be objective recklessness? I don't think that would work. I mean, you could send it back, obviously, with that instruction. I would be very, very surprised if he were to change his position based on that. Are you suggesting that if the judge declined attorney fees based on the old willfulness standard, he's even more likely to decline it under the new standard? Is that what you're trying to say? That's exactly what I'm saying. It's a heightened standard. It's a heightened burden. If they were at the lower burden, then they clearly would not have met the higher burden. If they didn't meet the lower burden, I don't think they could have met the higher burden. The overwhelming impression from the judge's opinion is that 3 minus 3 is 0 in the bean counting approach, which has been rejected pretty soundly, circuit by circuit. If that's an error, do we send it back? If that's all he did. But I don't think that's what he did. First of all, that has to do with whether there's a prevailing party. I think as Judge Moore points out, he kind of carries that logic over into his discretionary call, which doesn't consider the Fogarty factors very extensively. It doesn't list them all. It certainly doesn't. But I think the close call issue is pretty clearly spelled out, and I think that's really what this turned on. The other Fogarty factors I don't think are particularly salient, but the closeness of the case is. The jury finds willfulness. Is willfulness the evidence of a close case? That's the evidence of a case that deserves some kind of extra consideration, maybe even fees, huh? I have made that exact same argument to this point many times, but I was on that side and got nowhere with it. So, no, I don't think the mere finding of willfulness is. From the beginning, counsel, it seems that Judge Otero was not overly persuaded by the plaintiff's case, and we had to send it back to him once before, as you I'm sure remember, telling him it needed a trial. And now that there's been a trial, I don't think he and the jury seem to be viewing the case quite the same way. Shouldn't we be more inclined to follow the jury's direction rather than the judge's under these circumstances? As I said before, I've made that same argument, I believe, to Your Honor. In another case that I had, the SDI case, where that exact same thing happened, I had the jury find willfulness. The judge had originally entered a summary judgment against me. Well, I appreciate you've been on the other side of it, but how do you answer the question as to what we should do in your case? Well, the mere fact that a jury finds willfulness, the mere fact that the jury looks at the case differently than the judge, fortunately or unfortunately, because I'll be back on that side tomorrow, this Court is pretty clear in saying that the judge really has a right to essentially, and this was an argument on the other side, to essentially take a de novo view of the jury's willfulness finding. Essentially, that's what this Court has, as a practical matter, done. Because the Court can look at the case and say, I don't care how close, what the jury thought about this. In my opinion, it wasn't a clear case of infringement. In my opinion, it was a much closer case. There really were legitimate defenses, and a person who puts forward legitimate defenses has a right to say it's not an exceptional case. And I just think that's where this Court has come down. So you're arguing we should give the judge that much deference, I take it? I'm arguing that that's what this Court has done repeatedly. Even where the judge doesn't articulate legitimate bases for exercising his discretion, if we were to determine that the three grounds that he based his decision on, none of them are legitimate, it seems like you're asking us to reach into the record and recognize some fact findings he could have made that would have supported him, just because he's likely to ultimately do that if we remand this case. Actually, yes. That's pretty much what I am asking you to do. Are we supposed to do that? Well, I mean, this Court repeatedly says we don't make decisions on arguments. We review judgments. And if the record supports his decision, I think this Court has an obligation to do so. But he didn't make a fact finding. I would agree with you. If there were lots of factual findings by him with regard to the factors, like in Reed v. Portek, that we said were to be considered in the context of deciding whether to award, and if there were a lot of findings, he just didn't mention them here. But I don't see the findings anywhere. Where is there a finding? How do I get to the concept that this was a close case on design patent infringement? Well, and I hate to even argue this. I've written four books on this. I still don't understand it. How do you draw the different distinction between a design patent and a copyright infringement where they're both thought to be willful? I don't know. But apparently what he was saying was if you look at the copyright case and the jury found no infringement as to that particular design, and look at the patent and say there was, it had to have been a close case. I mean, that's as much as I can get out of this thing. So it keeps coming back to, I think he made his decision based on close case. You think that we should infer from his discussion that a copyright wasn't found, that it's therefore a close case on the design patent infringement? I think so. But didn't... Is there any inconsistency? Are you suggesting inconsistency between the copyright and design patent verdicts? Yes. Absolutely. I mean, I'd be dishonest if I didn't tell you. I'm clear that it was. Now what we make of that, I don't know. But, you know, that's where he came from. He used his discretion, at least, saying because of that, he viewed it as a close case. And what he doesn't say specifically, you know what he was thinking, and I granted a summary of judgment before. So I'm looking at this thing and saying I see it as a close case. And this Court has repeatedly said that that's the legitimate function of the trial judgment. It is, but I'm having trouble just figuring out why he thought it was a close case. Because the summary judgment, it seems to me, is clearly not something I can use. We said as a matter of law, he applied the test wrong because he looked only at the pictures of the posts and didn't look at the picture of the whole bed, which is what the design patent claims. So we told him as a matter of law, he looked at the wrong thing, with regard to the claim for the design patent. So that, the fact that he found summary judgment before doesn't do it. And I've got to tell you, I mean, I couldn't figure out what was different between these two. It took me a long time. You know, personally, not that I'm supposed to make that determination, I recognize I'm not, but you want me to reach into his mind and assume that he made it when I don't necessarily see anything that says he did. Gosh, it's contrary to my own intuition with regard to these two pictures. Not that I would ever use my own intuition to decide the case. But nonetheless, I mean, come on, look at him. That's tough. I'm not going to argue that. Okay. I'm not going to say it isn't. But whether we like it or not, and I often have not, the trial judge has a lot of discretion in making these determinations. Thank you, Mr. O'Connor. Mr. Nielsen, I think Judge Moore had a question for you right at the outset. Okay. So here was my only question that I was about to ask you before, but it was, it's kind of a why are we here question. I mean, and I'm saying this in part so that I hope your client hears it. Your client's going to spend a lot of money if we reverse this and send it back only for the district court, and I have very little doubt to actually articulate better reasons, more detail, what the district court clearly intuitively feels. And so even if we send it back on a technicality that he didn't articulate or she, I don't remember which, with sufficient particularity, the reasons, if we were to find that, I mean, is it really, do you really think that it's in the best interest? Do you have any chance of winning below based on your interaction with this judge? That's a good question. And the one point, let me answer your question first, and that is I would imagine that the court gave its best reasons for not awarding attorney's fees. Why would it have not given its best reasons? Wait a minute. Didn't you tell me that they did this in the absence of briefing? They did it only when you submitted a judgment. I thought your brief told me that. Right, right. Okay. So now they have his brief that tells them all the reasons from Fogarty that he should have considered and all the reasons from Reid versus Portek. So now he could parrot those back more appropriately. Well, I think the fair consideration here is that looking at those factors, the defendants raised a number. I don't believe the defendants' defenses were meritorious at all. With respect to the copyright, they made an ownership defense. There was no issue as to ownership on these copyrights. The copyrights were amended because it listed the author. How long did this trial go on? It was six days of trial, actually. Six days of trial, and how many days of motions and other kinds of activities have gone on? You mean in the entire case? Not that much, actually. We never appeared before the district court on a motion in person. He decided everything on the paper. So the district court really didn't have that great of a flavor for the case as far as the issues that were going on. We've pointed to all this in our briefs with regard to discovery problems and whatnot. But it seems to me that the defenses were raised, just were brought out to drag the case out, to expand the scope of discovery so that the defendants can continue to sell this knockoff product for a longer period of time and continue to profit from it. And I know that there was a discussion, and you held up the brief, actually, with a picture of the two products. How could that not be a knockoff? The jury found it was intentionally copied. That's what a finding of willfulness means. It means it was knowing intentional copying. And these people intentionally copied our client's product because they knew it was successful. Wait. Did we require intentional copying under the willfulness standard as it existed at the time this was tried, or did we require a different standard? No. I'm just... At that time, the standard was... Well, I know under the Copyright Act, it was more... It was knowing copying. But you're talking about patent now. Yeah. Well, I'm talking about both, actually. But the standard, sure, it wasn't intentional copying, but that's what's implied by a finding of willfulness means the defendants knew what they were doing. It wasn't an accident that all of a sudden they came out with this beautiful product. Well, they knew what they were doing, but in the patent context, it doesn't involve copying. They could have independently come up with this design. I'll grant you it seems statistically unlikely, but they could have. I don't know about that. Those five-toed lion's paws feet were nowhere to be found, and somehow they appeared on defendant's furniture that otherwise looked very similar. The last point, I see we only have a few minutes left, is in light of the fact that the district judge has taken sort of a subjective approach with this, and he's been reversed several times by this court in cases between these parties, we may suggest that it should be reassigned to a different judge if it's remanded. I think the grounds warrant it. The record's very small, so it wouldn't be a substantial burden. I just wanted to point that out. Thank you. Thank you, Mr. Nielsen.